IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| FRANKLIN DAVIS, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   No: _____ )   JURY DEMANDED ) |
| ALLIED BARTON SECURITY SERVICES, LLC | ) ) ) ) |
|     Defendant. | ) |

## COMPLAINT

Plaintiff, **FRANKLIN DAVIS**, by and through his attorneys, alleges for his Complaint as follows:

### I. INTRODUCTION

1. Plaintiff, FRANKLIN DAVIS, brings this action against ALLIED BARTON SECURITY SERVICES, LLC for legal relief to redress unlawful violations of Plaintiff's rights under the Americans with Disabilities Act with Amendments (ADAAA), 42 U.S.C. § 12101 et seq.

### II. THE PARTIES

**A. THE PLAINTIFF**

2. Plaintiff, FRANKLIN DAVIS, currently resides in Chattanooga, Tennessee and is a citizen of the United States.

1

**B. THE DEFENDANT**

3. Defendant, ALLIED BARTON SECURITY SERVICES, LLC is an employer of more than fifteen (15) persons who, at times relevant hereto, employed Plaintiff in Chattanooga, which is located within the Eastern District of Tennessee.

4. The Defendant is bound by the law and regulations concerning the ADAAA.

### III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). The Plaintiff filed a charge of discrimination with the EEOC on August 9, 2011. The EEOC issuing Plaintiff a Notice of Suit Rights dated April 11, 2012. Plaintiff now timely commences this action within the requisite ninety days. Accordingly, he has exhausted administrative prerequisites under ADA.

6. Venue is proper in the Eastern District of Tennessee under 28 U.S.C. §1391(b)-(c). Defendant conducts business within the Court's jurisdictional limits, and the claims at issue arose within the Court's jurisdictional limits.

### IV. FACTS

7. Plaintiff has a "disability" as that term is defined by the ADAAA. Plaintiff has a spinal cord impairment which substantially limits his major life activities of mobility, standing, walking, lifting, bending, and working.

8. Defendant enjoys a contract with Westinghouse Electric Company to provide security guard services for Westinghouse's Chattanooga facility.

9. Defendant employed Plaintiff as a Security Officer and assigned him to work at Westinghouse.

10. As a Security Officer, Plaintiff's job duties required him to patrol the facility every hour or so. Normally, this was done by walking.

11. In 2011, Plaintiff advised Defendant that, due to his disability, he needed a reasonable accommodation to assist with patrolling the facility. This was necessary, Plaintiff explained, because his disability precluded lengthy standing and walking which a walking patrol required given the significant size of the Westinghouse operation.

12. Plaintiff not only alerted Defendant to his need for an accommodation, linking it to his disability, Plaintiff also _proposed_ a reasonable accommodation which would allow him to perform his same position: He requested a golf cart.

13. A golf cart, which can be purchased used for $1,500-$3,000 is not unreasonable for a company of Defendant's size. Nor would it have posed an undue hardship. It would, however, have kept Plaintiff working _his_ position and avoiding the "last resort" of reassignment as an accommodation.

14. Defendant denied Plaintiff's request for a golf cart. It unreasonably refused to purchase a used cart or contribute to that purchase. Instead, it merely contended that a gold cart already owned by Westinghouse could not be used by Plaintiff.

15. In July of 2011, Defendant removed Plaintiff from his position of Security Guard.

16. Defendant admitted to Plaintiff that it was taking this action because of his disability because, according to Defendant, it could not accommodate Plaintiff's disability.

17. Defendant sought to reassign Plaintiff to another employer's worksite (a last resort under ADAAA, which was not appropriate here nor requested by Plaintiff). Of course, Defendant does not even enjoy unilateral authority to make such reassignment.

18. Defendant sought to reassign Plaintiff to a position with Blue Cross Blue Shield.

19. Plaintiff reasonably mitigated his Security Officer job loss by attending the hiring procedures required by Blue Cross Blue Shield, but Blue Cross Blue Shield deemed him a poor fit based upon their hiring protocols known as a "Reid test."

20. Plaintiff was advised that he was not hired because he had failed a <u>drug</u> test, not the so-called "Reid Test."

21. To this date, Defendant has not reinstated Plaintiff to his position with reasonable accommodation.

22. Accordingly, Defendant's actions, above, have denied Plaintiff substantial income (back pay and front pay), benefits, and have caused him worry, anxiety, financial distress, humiliation, and embarrassment. Accordingly, Plaintiff seeks wage loss, benefits loss, reinstatement, compensatory damages, and attorneys fees and costs. He also seeks punitive damages as Defendant's actions were not simple negligence but a purposeful or reckless decision to deny Plaintiff his job at the Westinghouse facility.

## V. CAUSE OF ACTION UNDER THE ADAAA

23. Plaintiff respectfully asserts the following causes of action under the ADAAA:

    A. Failure to reasonably accommodate;

    B. Discharge because of disability.

## VI. PRAYER FOR RELIEF

24. WHEREFORE, the Plaintiff prays for the following relief:

    A. That proper process issue along with a copy of this complaint requiring the Defendant to appear and answer;

4

Case 1:12-cv-00215-CLC-WBC   Document 1   Filed 07/06/12   Page 4 of 5   PageID #: 4

B. That Plaintiff be awarded damages in the amount of any wages, salary, employment benefits or other compensation, including, but not limited to back pay and front pay, plus prejudgment interest;

C. Any actual monetary loss sustained by the Plaintiff;

D. Compensatory damages for emotional harm, suffering, humiliation, and embarrassment, along with punitive damages;

E. Reasonable attorneys' fees;

F. The costs and expenses of this action;

G. Such other legal and equitable relief to which Plaintiff may be entitled; and

H. Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

GILBERT RUSSELL McWHERTER, PLC

s/Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
Jonathan L. Bobbitt (TN Bar No. 23515)
101 North Highland Ave
Jackson, TN 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com
jbobbitt@gilbertfirm.com

**ATTORNEYS FOR PLAINTIFF**